IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF<br>Maquire Malo LEVI | Case No. 3:26-mj-00589-KFR |

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**

I, Deputy U.S. Marshal Jose Mendez, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a Criminal Complaint for Maquire Levi. An investigation has revealed that there is probable cause to believe that Levi has committed a violation of 18 U.S.C §§ 751(a) and 4082, escape from a residential treatment center.

2. I have been a Deputy U.S. Marshal (DUSM) with the Department of Justice and have worked for the U.S. Marshals (USMS) since June 2014. I am currently assigned to the Pacific Northwest Violent Offender Task Force (PNVOTF) where I am responsible for conducting investigations, and the apprehension of fugitives. I have engaged in numerous investigations involving fugitive apprehension and have received training in fugitive apprehension. I am a Criminal Investigator of the United States within the meaning of Section 566 (e)(1)(B) and CFR 0.111(a) of Title 28, United States Code (U.S.C.); that is, an officer of the United States who is employed to investigate such fugitive matters, both within and outside the United States, as directed by the Attorney

b
09/1/26

General and execution of Federal arrest warrants pursuant to Rule 4 of the Federal Rules of Criminal Procedure, Federal parole violator warrants pursuant to Section 4206 of Title 18 U.S. Code, Federal custodial and extradition warrants as directed, and felonious state warrants adopted by the agency. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and have received training and I am certified in such areas such as legal aspects and duties regarding search and seizure as a Federal Law Enforcement Officer. Prior to my current position, I was assigned to the Washington, District of Columbia Superior Court and participated in all judicial matters to included but not limited to fugitive apprehension of state and federal warrants.

3. I submit this affidavit for the limited purpose of securing an arrest warrant. Therefore, I have only included those facts necessary to establish probable cause to believe that evidence of violations, or attempted violations, of 18 U.S.C §§ 751(a) and 4082, escape from a residential treatment center have been committed, and that LEVI is the person who committed those offenses.

## RELEVANT STATUTES

4. United States Codes:

a. 18 U.S.C § 751(a), Prisoners in custody of institution, states as follows:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned



L 09/11/26

> not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

b. 18 U.S.C. § 4082, Commitment to residential treatment centers, states as follows:

> The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the prescribed time to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in [18 U.S.C. § 751, et al].

## PROBABLE CAUSE

*Maquire Levi's Prior History*

5. On November 11, 2019, Maquire Levi was indicted on Carjacking. Levi, who is a validated Family Over Everything (FOE) gang member, was subsequently found guilty and committed to serve a sentence of 84 months imprisonment, three years supervised release and $100 special assessment fine.

6. Levi is due to finish his term of imprisonment on May 13, 2027.

7. Levi was serving his term of imprisonment at U.S. Penitentiary Atwater located in California, when he applied to be allowed to serve the remainder of his term at a residential treatment facility.

8. Levi's request was granted and he was released August 17, 2026, to GEO Care Inc., Cordova Center, a residential treatment facility in Anchorage, Alaska, 99501.

//

//

*Maquire Levi Flees from Custody*

9. On September 10, 2026, at approximately 5:10 p.m., Levi signed out of the Cordova Center to go work at Domino's Pizza (601 W. 36th, Avenue). At 5:45 p.m., Levi contacted Cordova Center staff stating he had arrived at the job location. Upon routine accountability checks, at 9:30 p.m., Cordova staff attempted to contact Levi telephonically with no success. Staff members then contacted Dominos General Manager Brannen Grubbs who confirmed Levi showed up to work but left stating he had a family emergency. Cordova staff called Levi's cell phone multiple times, as well as Barbara Tanielu (aunt) with no success.

10. Levi's location monitoring was cut off and the last location indicated was Dominoes sometime between the 5:45 pm phone call with Cordova staff, and the attempted call for the check-in at 9:30 pm.

11. Levi was due back at the Cordova Center at 2:00 am, August 10, 2026. Levi has not checked back in and his current whereabouts is unknown.

**CONCLUSION**

12. For the foregoing reasons, I submit that there is probable cause to believe that MAQUIRE LEVI has committed violations of 18 U.S.C §§ 751 and 4802; escape from a residential treatment center.

//

//

//

L
9/11/26

RESPECTFULLY SUBMITTED,

JOSE MENDEZ
Deputy U.S. Marshal
United States Marshal Service

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed.R.Crim.P. 4.1 and 41(d)(3) for a arrest warrant this ____ day of ________, 2026.

HON. KYLE F. REARDON
Chief United States Magistrate Judge
District of Alaska